UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHAEL OUTERBRIDGE,                              :

                Plaintiff,                  :

          -against-                              :   **REPORT AND RECOMMENDATION**

P.O. JORGE TOBON, Shield # 9637, DET. ANGUS :   11 Civ. 3843 (RJS)(KNF)
MCKENZIE, Shield # 06284, P.O. KEITH KNIGHT,
Shield # 2711, DET. SHANNON BROOKS, Shield   :
# 03463, THE CITY OF NEW YORK,
                                                               :
                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

On May 5, 2011, Michael Outerbridge ("Outerbridge"), proceeding pro se, commenced this action for damages, pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights when they assaulted him, causing injuries. Before the Court is the defendants' motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff opposes the motion.

## PLAINTIFF'S ALLEGATIONS

Outerbridge alleges that, on September 29, 2007, he was walking on the street when he was approached by an undercover police officer who asked him where drugs could be purchased. Outerbridge asserts that he told the undercover police officer that he did not know and to leave him alone. According to Outerbridge, the undercover police officer "insisted I do know where to buy drugs and continued to harass me to buy drugs for him." Outerbridge asserts that he told the

1

undercover police officer again to leave him alone, but the undercover police officer followed Outerbridge to the corner of 127th Street and Fifth Avenue, in Manhattan, where four plain clothes officers exited vehicles and began assaulting him.  Outerbridge recalls that he was knocked to the ground, stomped and kicked in the face, head and chest.  Outerbridge asserts that none of the plain clothes officers identified himself as a police officer and no officer read "any [M]iranda warnings to me while placing me under arrest."  After the arrest, Outerbridge asserts, he was taken to a police precinct, but was denied medical treatment until he was admitted to the Rikers Island jail facility.  There, he "decided against taking the psychological [m]edications because of the harmful and hazardous side effects," and he was given "Ibuprof[e]n 600 mg."  Outerbridge maintains that he "requested to be taken to the hospital," but his request was denied.  According to Outerbridge, he suffered "swelling to his face and [his] ribcage after being stomped, punched, kicked and beaten" by the defendants and he suffered memory loss and mental anguish.  Outerbridge alleges that he was: (1) assaulted brutally and maliciously; (2) "unlawfully arrested and falsely imprisoned"; (3) denied medical treatment; and (3) prosecuted maliciously.

## MOTION TO DISMISS

*Defendants' Contentions*

The defendants assert that the plaintiff's claim for false arrest and false imprisonment is barred by the statute of limitations because the "plaintiff was arraigned on September 30, 2007, three days after his allegedly false arrest," and "the statute of limitations expired on or about September 30, 2010."  The defendants contend that the plaintiff's claim for unlawful use of force is also barred by the statute of limitations because it "accrued when he was allegedly beaten by officers during his arrest on September 29, 2007," which means that the time to bring this claim

"expired on September 27, 2010." According to the defendants, the "plaintiff claims that he was denied medical treatment until he was transferred to Rikers Island on September 30, 2007. Accordingly, any deliberate indifference claim expired on September 30, 2010." The defendants maintain that the plaintiff failed to establish the elements of a claim for malicious prosecution, namely, that "there was no probable cause for the criminal charge" and the defendants acted maliciously. They contend that

> plaintiff was indicted on felony charges, and the indictment creates the presumption of probable cause. The charges against plaintiff were dismissed on speedy trial grounds, not because the Grand Jury indictment was reviewed by a judge and dismissed due to lack of evidence. There is nothing to suggest that the indictment was procured by "fraud, perjury, the suppression of evidence, or other police conduct taken in bad faith." Moreover, plaintiff cannot point to any facts suggesting that defendants acted with malice.

In the "Statement of Facts" section of their memorandum of law, page 3, the defendants assert that, subsequent to the alleged assault on September 29, 2007, a grand jury indicted plaintiff "on charges of criminal possession of a controlled substance in the third degree and resisting arrest," and, "[a]fter numerous adjournments, the charges against plaintiff were dismissed on speedy trial grounds." In a footnote on page 3 of their memorandum of law, the defendants state: "On or about August 3, 2011, plaintiff provided this office with a '160.50' release, permitting the unsealing and examination of his criminal file. A copy of the file was mailed to plaintiff on December 9, 2011, and is annexed hereto as Exhibit A." However, no "Exhibit A" or any affidavit was filed in support of the defendants' motion, as required by Local Civil Rule 7.1 of this court.

*Plaintiff's Contentions*

Outerbridge opposes the defendants' motion by an affirmation, dated March 7, 2012, Docket Entry No. 45, in which he states that the three-page document attached to his affirmation,

3

from the Criminal Court of the City of New York, County of New York, entitled "FELONY ADA CHEEKS," noting Police Officer Jorge Tobon's statement about the offenses committed by "Barry Randolph" and Outerbridge, shows that the defendants "are not forthcoming." Additionally, Outerbridge requested permission to file his April 10, 2012 supplemental affirmation, Docket Entry No. 48, in which he contends that "the prosecutor delayed" his case and to which is attached a Certificate of Disposition Dismissal, dated May 13, 2011, from the New York State Supreme Court, New York County, for case number "04934N-2007," against Outerbridge.

*Defendants' Reply*

The defendants contend that "[i]n his Opposition, plaintiff merely attached a copy of the felony complaint that was filed against him. Plaintiff does not provide any commentary on the complaint, or state how he believes that the complaint, dated September 29, 2007, will help him survive this motion to dismiss."

### DISCUSSION

*Legal Standard*

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"Conclusory allegations that the defendant violated the standards of law do not satisfy the need for plausible factual allegations." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 191 (2d Cir. 2010) (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). On a motion pursuant to Rule 12(b)(6), all facts alleged in the complaint are assumed to be true and all reasonable inferences are drawn in the plaintiff's favor. See Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n, 655 F.3d 136, 141 (2d Cir. 2011).

"If, on a motion under Rule 12(b)(6) . . . matters outside of the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "[D]ocuments incorporated by reference [in the pleadings] may be considered on a motion to dismiss without triggering conversion" of a motion to dismiss into a motion for summary judgment. Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006) (citing Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005)).

Although the defendants, in their memorandum of law, stated that a copy of Outerbridge's "criminal file . . . is annexed hereto as Exhibit 'A'," no such exhibit and no affidavit was filed in support of the motion. Other than alleging that Outerbridge was "placed . . . under arrest" on September 29, 2007, the complaint does not assert any facts related to Outerbridge's "criminal file." Therefore, any factual assertions in the defendants' memorandum of law that are not supported by evidence will not be considered by the Court. Since no matter outside of the pleadings has been presented to the Court, the defendants' motion is not being treated as a motion for summary judgment. Consequently, the exhibit attached to Outerbridge's affirmation dated March 7, 2012, submitted in response to the defendants' assertions concerning his "criminal file," will not be considered by the Court. Outerbridge's supplemental affirmation, dated April 10, 2012, relates to the defendants' unsupported assertions that have not been

5

considered by the Court and, as such, the supplemental affirmation is not necessary to the resolution of the motion; thus, granting Outerbridge's request to file it, is not warranted.

*Statute of Limitations*

The statute of limitations for claims arising under Section 1983 is three years, and a Section 1983 claim accrues, ordinarily, when a plaintiff knows or has reason to know of the injury forming the basis of his action. See Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009). The three-year statute of limitations governing a Section 1983 claim based on malicious prosecution, "starts to run only when the underlying criminal action is conclusively terminated." Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995).

Here, Outerbridge's claims of excessive use of force, false arrest and false imprisonment and denial of medical treatment accrued on September 29, 2007, because that is the date Outerbridge alleges he was assaulted, placed under arrest and taken to the police precinct, where he was denied medical treatment. Outerbridge had until September 29, 2010 to make his claims of excessive use of force, false arrest and false imprisonment and denial of medical treatment. However, he filed his complaint on May 5, 2011, after the statute of limitations expired. Outerbridge does not contend that the equitable tolling doctrine applies in his case. Therefore, Outerbridge's claims of excessive use of force, false arrest and false imprisonment and denial of medical treatment are barred by the statute of limitations.

*Malicious Prosecution Claim*

"To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice." Martinez v. City of Schenectady, 97 N.Y.2d 78, 84, 735 N.Y.S.2d 868, 872 (2001). Here, the complaint fails to

allege any plausible facts that: (i) a criminal proceeding was commenced against Outerbridge as a result of the September 29, 2007 incident; (ii) such proceeding was terminated in his favor; (iii) no probable cause existed for such proceeding; and (iv) the proceeding was brought out of actual malice.  Outerbridge's claim for malicious prosecution has no facial plausibility because he failed to plead facts from which the Court could draw a reasonable inference that the defendants are liable for the misconduct alleged.  See Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, dismissal of Outerbridge's complaint is warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (a) the plaintiff's request to file his supplemental affirmation, Docket entry No. 48, be denied; and (b) the defendants' motion to dismiss the complaint, Docket Entry No. 23, be granted.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Sullivan. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and***

***will preclude appellate review.*** See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985); <u>Cephas v. Nash</u>, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
July 3, 2012

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

8