UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7 19 2012
```

MICHAEL OUTERBRIDGE,

                              Plaintiff,

       -v-                                                No. 11 Civ. 3843 (RJS) (KNF)
                                                    ORDER ADOPTING REPORT AND
                                                          RECOMMENDATION

THE CITY OF NEW YORK, *et al.,*

                              Defendants.

RICHARD J. SULLIVAN, District Judge:

       Michael Outerbridge ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42

U.S.C. § 1983 for damages that he claims to have suffered when he was (1) assaulted, (2) denied

medical treatment, (3) unlawfully arrested and falsely imprisoned, and (4) maliciously

prosecuted by Defendants.  By Order dated June 30, 2011, this matter was referred to the

Honorable Kevin Fox, Magistrate Judge.  (Doc. No. 8.)

       Plaintiff filed an Amended Complaint on October 7, 2011 (Doc. No. 13), and on

December 21, 2011, Defendants filed a motion to dismiss the Amended Complaint (Doc. No.

23.)  After being granted several extensions, Plaintiff filed an opposition to Defendants' motion

on March 7, 2012.  (Doc. No. 45).  Defendants' filed their reply on March 14, 2012.  (Doc. No.

40).  Thereafter, on April 18, 2012, Plaintiff requested that the Court accept a supplemental

affirmation in further support of his opposition to Defendants' motion.  (Doc. No. 48).

       On July 3, 2012, Judge Fox issued a Report and Recommendation (the "Report"),

recommending that (1) Plaintiff's request to file his supplemental affirmation be denied, and (2)

Defendant's motion to dismiss the Amended Complaint be granted.  (Doc. No. 50).  On July 16,

2012, Plaintiff timely filed objections to the Report. (Doc. No. 51.) Plaintiff does not challenge the Report's recommendation to deny his request to submit a supplemental affirmation and asserts only that "the equitable tolling doctrine applies because there are not adequate resources at Rikers law [library]." (*Id.*) Plaintiff also states that "the equitable tolling doctrine also applies here because [the case against him] was not dismissed until June 29, 2010," and asserts that the statute of limitations for his malicious prosecution claim began to run from this date. (*Id.*)

## I. DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate's findings, the court must undertake a *de novo* review of the defendant's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where objections are "conclusory or general," or where the defendant "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). Because Plaintiff appears *pro se* in this matter, the Court construes his submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v.*

2

*Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (internal quotation marks omitted)).

## A. Equitable Tolling

Plaintiff objects to the Report and asserts that the statute of limitations should be equitably tolled because the law library at the facility where he was incarcerated was inadequate. (Doc. No. 51.) However, after determining that Plaintiff did not timely bring his claims for excessive use of force, false arrest and false imprisonment, and denial of medical treatment – conclusions that Plaintiff does not challenge – the Report specifically notes that Plaintiff "does not contend that the equitable tolling doctrine applies in his case." (Report 6.) "Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *Jackson v. Brandt*, No. 10 Civ. 5858 (PAC)(KNF), 2012 WL 2512015, at *6 (S.D.N.Y. June 29, 2012) (internal quotation marks and citation omitted). Plaintiff did not raise this argument before Judge Fox and, accordingly, the Court declines to consider his new argument that equitable tolling applies.

Alternatively, even if the Court were willing to entertain this new argument, Plaintiff has not established that he is entitled to equitable tolling. Equitable tolling permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity. *See Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). However, "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his [or her] rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks, alterations, and citations omitted). To warrant equitable tolling, a plaintiff must demonstrate "(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way and prevented timely

3

filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). It is not easy for a plaintiff to establish entitlement to an equitable toll. A plaintiff bears the burden of demonstrating that he or she acted with "reasonable diligence" throughout the period he or she seeks to toll. *Chapman*, 288 F.3d at 512. Here, Plaintiff's conclusory allegation that the law library at Rikers does not have adequate resources is plainly insufficient to establish his entitlement to any equitable tolling of the limitations period.

Because Plaintiff does not challenge the Report's conclusion that he filed his complaint after the statute of limitations for these claims had expired, the Court reviews that portion of the Report for clear error. Upon reviewing the record, the Court finds that Judge Fox's careful and well-reasoned Report is not facially erroneous and adopts the Report.

### B. Malicious Prosecution

Plaintiff objects to the Report's recommendation that his claim for malicious prosecution be dismissed and asserts that the statute of limitations did not begin to run for that claim until June 29, 2010, the date when the criminal case that forms the basis of this claim was dismissed. (Doc. No. 51.) However, the Report does not assert that this claim should be dismissed because it is untimely. Rather, the Report recommends that this claim be dismissed because Plaintiff failed to allege the necessary elements of a claim for malicious prosecution. (Report 7.) Specifically, the Report concludes that Plaintiff did not allege (1) a criminal proceeding was commenced against him as a result of the September 29, 2007 incident, (2) such proceeding was terminated in his favor, (3) no probable cause existed for such proceeding, and (4) the proceeding was brought out of malice. (*Id.*) Accordingly, because Plaintiff's objection does not relate to grounds relied upon by Judge Fox, the Court reviews this portion of the Report for clear

4

error. Finding none, the Court adopts the report.

### III. CONCLUSION

Accordingly, for the aforementioned reasons, the Court adopts the Report in its entirety and, for the reasons set forth therein, grants Defendants' motion to dismiss. The Clerk of the Court is respectfully directed to terminate the motion at Doc. No. 23 and close this case.

SO ORDERED.

DATED:     July 18, 2012
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order was mailed to:

Michael Outerbridge
39 Delemere Street
Huntington, NY 11743